THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

AMANDA WOOD, in her personal capacity and as personal representative of LINDA NEMELKA and the ESTATE OF LINDA NEMELKA, MARJORIE CHARLES-SCOTT, in her personal capacity and as representative of SHANDON NICOLE SCOTT and ESTATE OF SHANDON NICOLE SCOTT, CHRIS MILLER and CINDY MILLER on behalf of M.M., WILFRED ROBLES AND SANDRA CECILIA MOGUEL, co-personal representatives of SANDRA FIORELLA ROBLES and ESTATE OF SANDRA FIORELLA ROBLES, KIMBERLE DIXON as heir of the ESTATE OF FARRELL BARTSCHI, BETHANY SCHMUCKER, CLARENCE NEWMAN, ESTATE OF HERMAN SCHMUCKER, LAURICE WILLIAMSON, personal representative of MORGAN KAY HARRIS and the ESTATE OF MORGAN KAY HARRIS, SUSAN ZAWALSKI, CHRISTINE MCNICOL, JAMIE HINOJOSA,

Plaintiffs,

v.

STATE OF UTAH, UTAH DEPARTMENT OF CORRECTIONS, UTAH BOARD OF PARDONS AND PAROLE, UTAH ADULT PROBATION & PAROLE, ALL STATE AGENCIES, GOVERNOR SPENCER COX, LT. GOVENOR DEIDRE HENDERSON, BRIAN NIELSON, BRIAN REDD, MIKE HADDON, DAN BLANCHARD, SCOTT STEPHENSON, DOE UTAH DEPARTMENT OF CORRECTIONS OFFICERS AND AGENTS 1–25, DOE BOARD MEMBERS 1–10 OF UTAH BOARD OF PARDONS AND PAROLE, DOE UTAH BOARD OF PARDONS AND PAROLE OFFICERS AND AGENTS 1–25, DOE ADULT PROBATION AND PAROLE OFFICERS AND AGENTS 1–25,

Defendants.

**MEMORANDUM DECISION AND ORDER GRANTING IN PART [ECF NOS. 55, 56, AND 80] DEFENDANTS' MOTIONS TO DISMISS**

Case No. 2:23-cv-00334-DBB

District Judge David Barlow

Before the court are the Defendants' Motions to Dismiss. Plaintiffs Amanda Wood,[1] Marjorie Charles-Scott,[2] Chris Miller and Cindy Miller on behalf of M.M., Wilfred Robles and Sandra Cecilia Moguel,[3] Kimberlie Dixon,[4] Bethany Schmucker, Clarence Newman, Estate of Herman Schmucker, Laurice Williamson,[5] Susan Zawalski, Christie McNicol, and Jamie Hinojosa (collectively "Plaintiffs") filed their Amended Complaint on February 15, 2024.[6] Defendants State of Utah; Utah Department of Corrections ("UDC"); Utah Adult Probation and Parole ("AP&P"); Spencer Cox, Governor of the State of Utah ("Gov. Cox"); Deidre Henderson, Lieutenant Governor of the State of Utah ("Lt. Gov. Henderson"); Brian Nielson, former Executive Director of UDC ("Mr. Nielson"); Brian Redd, Executive Director of UDC ("Mr. Redd"); Dan Blanchard, Former Division Director of AP&P ("Mr. Blanchard") (together "State Defendants"); Utah Board of Pardons and Parole ("UBPP"); Mike Haddon, Director of UBPP ("Mr. Haddon"); and Scott Stephenson, Chair of UBPP ("Mr. Stephenson") [7] (together "Board Defendants"); (collectively "Defendants") move to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] For the reasons stated below, Defendants' motions are granted on Plaintiffs' federal claims.

---

[1] Amanda Wood is personal representative of Linda Nemelka and the Estate of Linda Nemelka.
[2] Marjorie Charles-Scott is personal representative of Shandon Nicole Scott and the Estate of Shandon Nicole Scott.
[3] Wilfred Robles and Sandra Cecilia Moguel are co-personal representatives of Sandra Fiorella Robles and the Estate of Sandra Fiorella Robles.
[4] Kimberlie Dixon is heir of the Estate of Farrell Bartschi.
[5] Laurice Williamson is personal representative of Morgan Kay Harris and the Estate of Morgan Kay Harris.
[6] Amended Complaint ("Am. Compl."), ECF No. 40, filed Feb. 15, 2024.
[7] The Amended Complaint erroneously refers to Mr. Stephenson as "Scott Stephensen" and states he is the Division Director of AP&P. The court refers to Mr. Stephenson under his correct name and title.
[8] Motion to Dismiss for Failure to State a Claim ("State MTD"), ECF No. 55, filed April 29, 2024; Motion to Dismiss for Failure to State a Claim ("Board MTD"), ECF No. 56, filed April 29, 2024; Scott Stephenson's Motion to Dismiss ("Stephenson MTD"), ECF No. 80, filed Aug. 30, 2024. The Board Defendants have incorporated State Defendant's motion. *See* Board MTD 37; Stephenson MTD 4. Therefore, the court refers to Defendants' collective arguments where appropriate.

## BACKGROUND

This case arises from the undeniably tragic injuries inflicted upon Plaintiffs by formerly incarcerated individuals (the "Offenders"). Plaintiffs or their family members have all been harmed by Offenders who they allege were on parole, under state supervision, or improperly released from state custody, resulting in physical injuries and, in some instances, death.[9]

Plaintiffs allege these harms were caused by the failure of various agencies and individuals in the Utah state government to keep the Offenders in custody or monitor them after their release.[10] Utah Department of Corrections is a department of the State of Utah that oversees state corrections activities.[11] Defendant Brian Redd is the current executive director of UDC, and Brian Nielson is the former executive director.[12] The Utah Board of Pardons and Parole oversees pardon and parole decision making in Utah, and Mike Haddon serves as its director.[13] Plaintiffs allege that in 2016, UBPP was audited and given recommendations for improvement.[14] When UBPP was audited again in 2022, it was determined that UBPP had not implemented the previous recommendations, resulting in unqualified individuals being released on parole.[15]

The results of these audits were allegedly provided to Governor Cox, Lieutenant Governor Henderson, Mr. Nielson, Mr. Blanchard, and Mr. Haddon.[16] Plaintiffs allege that UBPP knew it was releasing violent individuals on parole, which put the public at risk.[17] Plaintiffs

---

[9] Am. Compl. ¶¶ 152–153; ¶¶ 171–173; ¶¶ 199–207; ¶¶ 219–220; ¶¶ 233–235; ¶¶ 249–260; ¶¶ 270–273; ¶¶ 280–283; ¶¶ 291–294; ¶¶ 302–305.
[10] *Id.* at ¶¶ 78–82.
[11] *Id.* at ¶ 23.
[12] *Id.* at ¶¶ 24–25.
[13] *Id.* at ¶¶ 27–28.
[14] *Id.* at ¶¶ 64–65.
[15] *Id.* at ¶¶ 66–70.
[16] *Id.* at ¶ 73.
[17] *Id.* at ¶¶ 70–72.

further allege that Governor Cox and Lieutenant Governor Henderson knew or should have known that UBPP had serious deficiencies and was releasing violent offenders from prison and allowed this improper release and monitoring to continue.[18]

Plaintiffs next allege that state agencies and officials failed to adequately monitor individuals on probation and parole. Utah Adult Probation and Parole is the division of UDC tasked with supervising parolees who are under the custody and control of UDC.[19] Dan Blanchard is the former Division Director of AP&P, and Scott Stephenson is the current director.[20] Plaintiffs allege AP&P, Mr. Blanchard, and Mr. Stephenson failed to properly train their officers and agents, which created an environment where officers and agents believed they did not have to properly supervise the Offenders and other individuals on parole.[21] Plaintiffs allege the AP&P officers and agents they supervised made minimal or no contact with the Offenders and falsified information in their reports so AP&P administration would believe the Offenders were being properly supervised despite ongoing parole violations.[22] Plaintiffs also summarily allege that Defendants UDC, AP&P, UBPP, Cox, Henderson, Nielson, Blanchard, Haddon, and the Doe UDC Board Members falsified, concealed, and destroyed records to cover up their failures in monitoring the Offenders and other individuals.[23]

Plaintiffs allege that, as a result of Defendants' conduct, they were harmed by Offenders between January 2020 and February 2023.[24] Plaintiffs originally filed their complaint in Utah

[18] *Id.* at ¶¶ 74–77.
[19] *Id.* at ¶ 31.
[20] *Id.* at ¶¶ 32–33.
[21] *Id.* at ¶¶ 120–125.
[22] *Id.* at ¶¶ 116–117.
[23] *Id.* at ¶ 199; ¶ 270.
[24] *Id.* at ¶¶ 144–146.

state court, but Defendants removed the action based on Plaintiffs' federal claims on May 24, 2023.[25] Defendants State of Utah, AP&P, UDC, UBPP, Mr. Blanchard, Mr. Nielson, and Mr. Haddon filed motions to dismiss on August 22, 2023.[26] On February 8, 2024, the parties filed a stipulated motion for leave to amend the complaint, which was granted.[27] Plaintiffs filed their Amended Complaint on February 15, 2024, and the court denied as moot the outstanding motions to dismiss.[28]

State Defendants and Board Defendants filed their new Motions to Dismiss on April 29, 2024.[29] Plaintiffs filed their Opposition to the Board Defendants' Motion on July 26, 2024,[30] and their Opposition to State Defendants' Motion on July 29, 2024.[31] Defendants filed their replies on August 30, 2024.[32]

---

[25] Notice of Removal, ECF No. 2, filed May 24, 2023.

[26] Motion to Dismiss, ECF No. 22, filed August 22, 2023 ("State MTD"); Board of Pardons and Parole and Mike Haddon's Motion to Dismiss ("Board MTD"), ECF No. 23, filed August 23, 2023.

[27] Stipulated Motion for Leave to Amend Complaint, ECF No. 38, filed Feb. 8, 2024; Order Granting Stipulated Motion for Leave to Amend Complaint, ECF No. 39, filed Feb. 13, 2024.

[28] Amended Complaint; Docket Text Order denying without prejudice Motions to Dismiss, ECF No. 41, filed Feb. 16, 2024.

[29] State MTD; Board MTD.

[30] Memorandum in Opposition to Board Defendants' Motion to Dismiss ("Opp. to Board MTD"), ECF No. 62, filed July 26, 2024.

[31] Memorandum in Opposition to State of Utah Defendants' Motion to Dismiss ("Opp. to State MTD"), ECF No. 66, filed July 29, 2024. On August 2, 2024, Magistrate Judge Bennett issued an order for Plaintiffs to show cause why their case against Mr. Stephenson should not be dismissed for lack of prosecution. *See* Order to Show Cause, ECF No. 67, filed Aug. 2, 2024. Plaintiffs responded by requesting that Defendants' attorneys be allowed to clarify whether they represent Mr. Stephenson. *See* Plaintiffs' Response to Order to Show Cause, ECF No. 70, filed Aug. 16, 2024. Counsel for Mr. Stephenson filed a notice of appearance on August 22, 2024, and filed a stipulated motion for extension of time to file an answer the next day. *See* Notice of Appearance of Counsel, ECF No. 71, filed Aug. 23, 2024; Joint Stipulated Motion for Extension of Time to Answer Complaint, ECF No. 72, filed Aug. 23, 2024. Mr. Stephenson is represented by the same counsel as UBPP and serves as its chair, therefore he is included as a Board Defendant.

[32] Reply Memorandum in Support of Motion to Dismiss and Memorandum in Support ("State Reply"), ECF No. 78, filed Aug. 30, 2024; Board of Pardons and Parole and Mike Haddon's Reply Memorandum in Support of their Motion to Dismiss ("Board Reply"), ECF No. 79, filed Aug. 30, 2024.

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[33] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[35] However, conclusory statements and legal conclusions are "not entitled to the assumption of truth."[36]

## DISCUSSION

Plaintiffs assert eight causes of action, including two federal and six Utah state law claims. The court first addresses the federal claims.

### I. Federal Claims

Plaintiffs assert two federal claims, both arising under § 1983. First, they allege a group of individual Defendants created the danger that harmed them and their loved ones.[37] Second, they allege that all Defendants failed to train and supervise AP&P officers.[38] Defendants raise immunity doctrines in response, claiming they are shielded from litigation by absolute and

---

[33] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)).
[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
[35] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[36] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).
[37] Am. Compl. 43. Plaintiffs assert this claim "against Governor Spencer Cox, Lt. Governor Deidre Henderson, Brian Nielson, Mike Haddon, Dan Blanchard, & all Doe defendants (in their individual capacities)."
[38] *Id.* at 55–58. Plaintiffs assert this claim "against all defendants in their official and individual capacities."

qualified immunity. Before considering Defendants' immunity claims, the court addresses which parties Plaintiffs have properly included in their federal claims. [39]

Section 1983 provides a civil action against every "person" who deprives another person of their federal rights.[40] "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."[41]

Plaintiffs bring their fifth cause of action for failure to supervise under § 1983 against all Defendants, including the State of Utah, UDC, UBPP, AP&P, and all state agencies ("Entity Defendants").[42] However, their Amended Complaint does not plausibly allege that any of these Entity Defendants are suable persons under § 1983.[43] Moreover, the individual Defendants may only be sued under § 1983 in their individual capacity.[44] Therefore, the Amended Complaint fails

---

[39] Plaintiffs' briefs refer only to "Doe Officers and Agents 1–50." *See* Opp. to State MTD i; Opp. to Board MTD i. However, the Amended Complaint lists four groups of Does for a total of 85 Doe Defendants. *See* Am. Compl. 2 (listing Doe Utah Department of Corrections Officers and Agents 1–25, Doe Board Members 1–10 of Utah Board of Pardons and Parole, Doe Utah Board of Pardons and Parole Officers and Agents 1–25, and Doe Adult Probation and Parole Officers and Agents 1–25). Regardless, no Doe has been identified by Plaintiffs or served. Therefore, the court does not address the Doe Defendants further.

[40] 42 U.S.C. § 1983; *Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002) (quoting *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 74 (1996) (Section 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights).

[41] *Hull v. State of New Mexico Tax'n & Revenue Department's Motor Vehicle Div*., 179 F. App'x 445, 446 (10th Cir. 2006) (citing *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990)) (also citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983").

[42] Amended Complaint 55.

[43] Opp. to State MTD 5 ("Plaintiffs agree that Governor Cox, Lt. Governor Henderson, UDC, AP&P, and UBP are not 'persons' for purposes of 42 U.S.C. § 1983 in their official capacity for Claim 5 Failure to Train and/or Supervise. . . However, Defendants Cox, Henderson, Blanchard, Redd, Haddon, and Nielson in their individual capacities are 'persons' under § 1983 and are subject to liability."); Opp. to Board MTD 10 ("Plaintiffs agree that UBP, Mike Haddon, and unnamed Board Members and Officers and Agents are not 'persons' for purposes of 42 U.S.C. §1983 in their official capacities for Claim 5 Failure to Train and/or Supervise. . . However, Mike Haddon and unnamed Board Members and Officers and Agents in their individual capacities are 'persons' under § 1983 and are subject to liability.") (emphasis in original).

[44] *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.")

to state a claim upon which relief can be granted against the State of Utah, UDC, UBPP, AP&P, all state agencies, and all individual Defendants in their official capacity.

Plaintiffs' federal claims are therefore only evaluated against the named individual Defendants in their individual capacity. The remaining federal claims are (1) for state created danger against Gov. Cox, Lt. Gov. Henderson, Mr. Nielson, Mr. Haddon, and Mr. Blanchard in their individual capacities and (2) for failure to train and/or supervise against Gov. Cox, Lt. Gov. Henderson, Mr. Nielson, Mr. Redd, Mr. Blanchard, and Mr. Stephenson in their individual capacities (hereinafter "Defendants").

**a. Absolute Immunity**

Board Defendants argue they are absolutely immune from lawsuits based on their release decisions.[45] Plaintiffs respond that UBPP is not a judicial body, so its members should not be given absolute immunity.[46] They allege that UBPP is part of the executive branch, so its members do not qualify for the absolute immunity given to judicial and quasi-judicial roles.

"Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official."[47] The Supreme Court has identified several factors applicable to determining "absolute as contrasted with qualified immunity."[48] The parties do not meaningfully analyze these factors. However, the Tenth Circuit has found that parole board members are "absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denying parole."[49]

---

45 Board MTD 28.
46 Opp. to Board MTD 16.
47 *Cleavinger v. Saxner*, 474 U.S. 193, 201–2 (1985).
48 *Id.* at 202.
49 *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988) (per curiam).

"Damages simply are not available against parole board members under these circumstances."[50] This immunity derives from the absolute immunity given to "judges and others performing judicial or 'quasi-judicial' functions" regardless of whether they are organized under the executive or judicial branch.[51] Accordingly, the Board Defendants have absolute immunity from Plaintiffs' claims based on their decisions to grant or deny parole. Because the parties do not analyze any other claims against the Board Defendants against all the applicable factors,[52] the court turns to the question of qualified immunity.

**b. Qualified Immunity**

Qualified immunity shields state officers from civil liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[53] "When a defendant raises the qualified-immunity defense, 'the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'"[54] "Courts have discretion to decide 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'"[55] Here, the court will first examine whether Defendants' conduct violated clearly established rights under federal law.

---

[50] *Knoll*, 838 F.2d at 451.
[51] *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (citation omitted); *see also Mee v. Ortega*, 967 F.2d 423, 428 (10th Cir. 1992) (judicial function of parole board members warranted absolute immunity).
[52] *See Cleavinger*, 474 U.S. at 202.
[53] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).
[54] *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015) (emphasis and internal quotations removed)).
[55] *Stewart v. Beach*, 701 F.3d 1322, 1330 (10th Cir. 2012) (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'"[56] "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[57] Generally, "[i]n order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."[58] "[C]learly established law must be 'particularized' to the facts of the case."[59]

Plaintiffs do not point to a case that would have informed Defendants that their conduct violated federal law. Indeed, while Plaintiffs provide brief quotes from a number of cases about the legal standard, they do not discuss the facts of those cases or how they would have made Defendants aware that their conduct violated federal law.[60] Instead, Plaintiffs argue that they do not need to find a case with the exact same facts they have alleged to overcome qualified immunity.[61] But the Supreme Court has emphasized that still "existing precedent must have placed the statutory or constitutional question beyond debate."[62] Plaintiffs do not explain how that standard has been met here. While Plaintiffs do not discuss the cases they cite, none of them are about state officials violating federal rights through failures involving the probation or parole

---

[56] *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).
[57] *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).
[58] *Id.* (quoting *Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1251 (10th Cir. 1999)).
[59] *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).
[60] Opp. to State MTD 22–24.
[61] Opp. to State MTD 23–25.
[62] *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (cleaned up).

of offenders who then go on to injure others.[63] This is insufficient for Plaintiffs to carry their burden on qualified immunity.

Next, Plaintiffs argue that Defendants' activity was so obviously unlawful that a similar case has not yet arisen.[64] "Qualified immunity does not protect an officer where the constitutional violation was so obvious under general well-established constitutional principles that any reasonable officer would have known the conduct was unconstitutional."[65] "Cases featuring obvious constitutional violations typically involve unlawful conduct that is 'obviously egregious.'"[66] "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation."[67] The Supreme Court has found that such cases are "rare."[68] Ultimately, the question is "whether our precedents render the legality of the conduct undebatable."[69]

Plaintiffs argue that Defendants' conduct was obviously unconstitutional because Defendants should have known their improper offender release decisions, failure to fulfill their offender monitoring obligations, and related misdeeds "would lead to offenders having unfettered ability to cause harm."[70] But Plaintiffs must demonstrate obvious unlawfulness under

---

[63] Plaintiffs cite *Uhlrig v. Harder*, 64 F.3d 567 (10th Cir. 1995). *Uhlrig* involved the killing of a therapist at a mental hospital by a custodial patient. It affirmed judgment in favor of the defendants on the grounds of qualified immunity and does not support Plaintiffs' attempt to overcome qualified immunity here.
[64] Opp. to State MTD 23–25.
[65] *Rosales v. Bradshaw*, 72 F.4th 1145, 1157 (10th Cir. 2023); (citing *Taylor v. Riojas*, 592 U.S. 7, 8 (2020)); *see also Browder v. City of Albuquerque*, 787 F.3d 1076, 1082 (10th Cir. 2015) .
[66] *Id.* (quoting *Truman v. Orem City*, 1 F.4th 1227, 1240 (10th Cir. 2021)).
[67] *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004) (citations omitted).
[68] *D.C. v. Wesby*, 583 U.S. 48, 64 (2018).
[69] *Lowe v. Raemisch*, 864 F.3d 1205, 1211 (10th Cir. 2017) (citing *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016)).
[70] Opp. to State MTD 25.

federal law, not just the likelihood that harm could result.[71] Plaintiffs have failed to meet that standard.

Plaintiffs reference Tenth Circuit cases where the court identified obviously unconstitutional conduct, including where a forensic chemist fabricated evidence to wrongfully convict a defendant,[72] state officers seized a high school student and coerced her to live with her abusive father,[73] and where an off-duty officer in civilian clothing followed a driver home for no law-enforcement purpose and then pointed a gun at the driver.[74] But Plaintiffs do not articulate how Defendants' actions in this case are similarly obviously violative of federal law. Other cases cited by Plaintiff found that the officer's conduct was not obviously unlawful.[75] Again, Plaintiffs fail to distinguish, or even discuss, any of these cases.

In sum, Plaintiffs have failed to carry their burden to demonstrate that the law was clearly established such that every reasonable defendant would know that their conduct violated federal law at the relevant time. Accordingly, Defendants' motions to dismiss must be granted on the federal claims.

---

[71] *See Wesby*, 583 U.S. at 64; *Ziglar v. Abbasi*, 582 U.S. 120, 151 (2017) ("Whether qualified immunity can be invoked turns on the objective legal reasonableness of the official's acts. And reasonableness of official action, in turn, must be assessed in light of the legal rules that were clearly established at the time the action was taken.") (citations omitted).

[72] *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004) (court found that a forensic chemist would have had fair warning that fabricating evidence was a constitutional violation).

[73] *Jones v. Hunt*, 410 F.3d 1221, 1231 (10th Cir. 2005) ("A social worker who lacks any legitimate justification for seizing a child, but nonetheless seizes the child and demands, in direct contravention of a court order, that she enter the custody of her abusive father, would clearly know that his conduct is unconstitutional.")

[74] *Rosales v. Bradshaw*, 72 F.4th 1145, 1157 (10th Cir. 2023).

[75] *Lowe v. Raemisch*, 864 F.3d 1205, 1210 (10th Cir. 2017) (depriving an inmate of outdoor exercise for two years and one month "would not have obviously crossed a constitutional line" so defendants were entitled to qualified immunity).

## II. State Claims

Under 28 USC § 1367(c)(3), the court may decline to exercise supplemental jurisdiction over a claim if it has "dismissed all claims over which it has original jurisdiction."[76] "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[77] Plaintiffs have failed to state a claim upon which relief can be granted on their federal claims; therefore, the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## ORDER

Defendants' motions to dismiss are GRANTED without prejudice on Plaintiffs' federal claims (styled as the First Cause of Action and Fifth Cause of Action).[78] The court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. If they have a basis for so doing, Plaintiffs may move for leave to amend their Complaint within 30 days of this order. If they do not so move, the court will remand this case to Utah state court.

Signed January 3, 2025.

BY THE COURT:

David Barlow
United States District Court Judge

---

76 28 U.S.C. § 1367(c)(3).

77 *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1314 (10th Cir. 2021) (quoting *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)); *see also St. George v. City of Lakewood, Colorado*, No. 22-1333, 2024 WL 3687780, at *6 (10th Cir. 2024) (district court properly acted within its discretion in declining to exercise supplemental jurisdiction over state-law claims after dismissing § 1983 claims).

78 ECF 55; ECF 56; ECF 80.