THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AMANDA WOOD, in her personal capacity and as personal representative of LINDA NEMELKA and the ESTATE OF LINDA NEMELKA, MARJORIE CHARLES-SCOTT, in her personal capacity and as representative of SHANDON NICOLE SCOTT and ESTATE OF SHANDON NICOLE SCOTT, MARIAH MILLER, WILFRED ROBLES AND SANDRA CECILIA MOGUEL, co-personal representatives of SANDRA FIORELLA ROBLES and ESTATE OF SANDRA FIORELLA ROBLES, KIMBERLE DIXON as heir of the ESTATE OF FARRELL BARTSCHI, BETHANY SCHMUCKER, ESTATE OF CLARENCE NEWMAN, ESTATE OF HERMAN SCHMUCKER, LAURICE WILLIAMSON, personal representative of MORGAN KAY HARRIS and the ESTATE OF MORGAN KAY HARRIS, SUSAN ZAWALSKI, CHRISTINE MCNICOL, JAMIE HINOJOSA,<br><br>      Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, UTAH DEPARTMENT OF CORRECTIONS, UTAH BOARD OF PARDONS AND PAROLE, UTAH ADULT PROBATION & PAROLE, ALL STATE AGENCIES, GOVERNOR SPENCER COX, LT. GOVENOR DEIDRE HENDERSON, BRIAN NIELSON, BRIAN REDD, MIKE HADDON, DAN BLANCHARD, SCOTT STEPHENSON, ALEX GARCIA, DOE UTAH DEPARTMENT OF CORRECTIONS OFFICERS AND AGENTS 1–25, DOE BOARD MEMBERS 1–10 OF UTAH BOARD OF PARDONS AND PAROLE, DOE UTAH BOARD OF PARDONS AND PAROLE OFFICERS AND AGENTS 1–25, DOE ADULT PROBATION AND PAROLE OFFICERS AND AGENTS 1–25,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [ECF NO. 84] PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Case No. 2:23-cv-00334-DBB<br><br>District Judge David Barlow |

1

Plaintiffs Amanda Wood,[1] Marjorie Charles-Scott,[2] Mariah Miller, Wilfred Robles and Sandra Cecilia Moguel,[3] Kimberlie Dixon,[4] Bethany Schmucker, Estate of Clarence Newman, Estate of Herman Schmucker, Laurice Williamson,[5] Susan Zawalski, Christie McNicol, and Jamie Hinojosa (collectively "Plaintiffs") move for leave to file their Second Amended Complaint.[6] Defendants Utah Department of Corrections ("UDOC"), Utah Adult Probation and Parole ("AP&P"), Governor Spencer Cox ("Gov. Cox"), Lieutenant Governor Deidre Henderson ("Lt. Gov. Henderson"), Brian Nielson ("Mr. Nielson"), Brian Redd ("Mr. Redd"), Dan Blanchard ("Mr. Blanchard"), Utah Board of Pardons & Parole ("UBPP"), Mike Haddon ("Mr. Haddon"), and Scott Stephenson ("Mr. Stephenson") (collectively "Defendants") oppose the motion. For the reasons stated below, Plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs or their family members have been harmed by formerly incarcerated individuals (the "Offenders"). Plaintiffs allege that these harms were caused by Defendants, who failed to keep the Offenders in custody and to monitor them after their release.[7] Plaintiffs assert federal claims for state created danger and failure to train or supervise based on Defendants' alleged misconduct.

---

[1] Amanda Wood is personal representative of Linda Nemelka and the Estate of Linda Nemelka.
[2] Marjorie Charles-Scott is personal representative of Shandon Nicole Scott and the Estate of Shandon Nicole Scott.
[3] Wilfred Robles and Sandra Cecilia Moguel are co-personal representatives of Sandra Fiorella Robles and the Estate of Sandra Fiorella Robles.
[4] Kimberlie Dixon is heir of the Estate of Farrell Bartschi.
[5] Laurice Williamson is personal representative of Morgan Kay Harris and the Estate of Morgan Kay Harris.
[6] Motion for Leave to Amend Amended Complaint ("Mot."), ECF No. 84, filed Feb. 3, 2025.
[7] Proposed Second Amended Complaint Redline ("SAC Redline"), ECF No. 84-3, filed Feb. 3, 2024.

Plaintiffs filed their original complaint in Utah state court, which Defendants removed to this court on May 24, 2023.[8] On February 8, 2024, the parties filed a stipulated motion for leave to amend the complaint, which was granted.[9] Plaintiffs filed their Amended Complaint on February 15, 2024,[10] which Defendants moved to dismiss based on several immunity doctrines.[11] On January 3, 2025, the court granted Defendants' motion to dismiss Plaintiffs' federal claims due to Defendants' qualified and absolute immunity (the "Order").[12]

Plaintiffs filed a motion for leave to amend (the "Motion") along with their proposed Second Amended Complaint on February 3, 2025.[13] It includes updates to the parties and additional allegations, including that:

- UBPP officials and board members "were not qualified for the positions they were appointed."[14]

- Governor Cox knew the UBPP officials and board members were unqualified and so the agencies "would likely not be run according to statutes and policy."

- "The AP&P Defendants were instructed by administrators to falsify reports relating to supervision of these violent parolees to conceal their non supervision."[15]

---

[8] Notice of Removal, ECF No. 2, filed May 24, 2023.
[9] Stipulated Motion for Leave to Amend Complaint, ECF No. 38, filed Feb. 8, 2024; Order Granting Stipulated Motion for Leave to Amend Complaint, ECF No. 39, filed Feb. 13, 2024.
[10] Amended Complaint, ECF No. 40, filed Feb. 15, 2024.
[11] Motion to Dismiss for Failure to State a Claim, ECF No. 55, filed April 29, 2024; Motion to Dismiss for Failure to State a Claim, ECF No. 56, filed April 29, 2024; Scott Stephenson's Motion to Dismiss, ECF No. 80, filed Aug. 30, 2024.
[12] Memorandum Decision and Order Granting in Part Defendants' Motion to Dismiss ("Order"), ECF No. 83, filed Jan. 3, 2025. The court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See id.* at 13.
[13] Proposed Second Amended Complaint Redline ("SAC Redline"), ECF No. 84-3, filed Feb. 3, 2024.
[14] *Id.* at ¶ 51.
[15] *Id.* at ¶ 104 b.

- "The UBPP Defendants had a policy, procedure, or practice of not following statutory guidelines regarding the JRI program" and of not documenting releases of violent offenders.[16]

- "The UBPP Defendants, AP&P Defendants, and UDC Defendants conspired to conceal evidence of their violations of state statutes (JRI) in order to keep this information from the citizens of Utah."[17]

- "The UBPP Defendants, AP&P Defendants, and UDC Defendants conspired to violate the JRI statutes to release more offenders from prison to relieve the burden of housing them."[18]

- "The UBPP created false documentation to cover up their violations of state statues when releasing violent offenders."[19]

Plaintiffs have also added references to case law throughout the proposed Second Amended Complaint.[20] Defendants filed their oppositions to the Motion on March 4, 2025.[21] Plaintiffs replied on March 18, 2025.[22]

## STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), if a party cannot amend a pleading as a matter of right, it may "amend its pleading only with the opposing party's written consent or the

---

[16] *Id.* at ¶ 104 j.
[17] *Id.* at ¶ 104 m.
[18] *Id.* at ¶ 104 n.
[19] *Id.* at ¶ 134.
[20] *Id.* at ¶ 135; ¶ 320; ¶ 323; ¶ 328.
[21] State Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Amended Complaint, ECF No. 89, filed Mar. 4, 2025; Board Defendants' Opposition to Plaintiffs' Motion for Leave to Amend, ECF No. 90, filed Mar. 4, 2025.
[22] Reply Memorandum in Support of Plaintiffs' Motion for Leave to Amend Amended Complaint, ECF No. 91, filed Mar. 18, 2025.

court's leave. The court should freely give leave when justice so requires."[23] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[24] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[25] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[26]

## DISCUSSION

In their Motion, Plaintiffs state that the Second Amended Complaint "will update facts in this matter found by Plaintiffs since the Amended Complaint was filed."[27] They also argue that the Second Amended Complaint "updates information" on the alleged failure to train and state created danger claims based on the court's Order.[28] Defendants argue that Plaintiffs' proposed amended complaint is futile and that they are entitled to absolute or qualified immunity.

Plaintiffs first argue that the Board Defendants are not entitled to absolute immunity based upon their quasi-judicial role. They argue that the Board of Pardons and Parole "exceeded its adjudicatory authority" in making decisions about which Offenders to release. However, the proposed Second Amended Complaint does not contain any new facts about the Board's conduct that could alter the court's previous order. Plaintiffs seem to advance the theory that the Board is

---

[23] Fed. R. Civ. P. 15(a)(2).
[24] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).
[25] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resol. Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).
[26] *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).
[27] Mot. 3.
[28] *Id.*

not entitled to absolute immunity because it exceeded the directives of Utah's Justice Reinvestment Initiative ("JRI"), which was meant to reduce incarceration and recidivism in the state.[29] But Plaintiffs' previous complaint alleges that that the Board knew that it was violating state statutes by allowing Offenders into the JRI program.[30] The proposed Second Amended Complaint does not contain any new allegations that can change the court's previous finding that the Board Defendants are entitled to absolute judicial immunity.

Perhaps more importantly, any changes to Plaintiffs' complaint are futile because violations of state law do not give rise to a § 1983 claim.[31] Plaintiffs allege that the Board acted in violation of the JRI. But state statutes, such as the JRI, cannot form the basis for a federal civil rights claim.[32] Therefore, any amendments to Plaintiffs' complaint based on state law cannot change the analysis in the court's Order and are futile.

Plaintiffs cite *Knoll v. Webster* for the proposition that "when a parole board exceeds its adjudicatory function, absolute immunity does not apply."[33] But *Knoll* does not say that—it holds that members of the Board are "absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denying of parole."[34] Plaintiffs do not point to any allegations that the Board was not performing an official

---

[29] Reply 2; SAC Redline ¶ 64, ¶ 319.
[30] SAC Redline ¶¶ 84–87; ¶ 104.l.
[31] *Wilder v. Turner*, 490 F.3d 810, 814 (10th Cir. 2007) (quoting *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1164 (10th Cir.2003)) ("Of course a 'violation of state law cannot give rise to a claim under Section 1983.'").
[32] *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citing *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir.1982)) ("a violation of state law alone does not give rise to a federal cause of action under § 1983.") (holding that Utah parole statute cannot be used as a basis for relief under § 1983).
[33] Reply 2.
[34] 838 F.2d 450, 451 (10th Cir. 1988) (per curiam).

duty when making parole decisions. Accordingly, they have not shown that absolute immunity does not apply.

Plaintiffs also rely on *Snell v. Turnell* in their proposed Second Amended Complaint to argue that "Defendants do not have absolute immunity when they act with a complete and clear absence of authority."[35] In *Snell*, the Tenth Circuit stated that a "judge may act in excess of his subject matter and still retain absolute judicial immunity; only in the unusual circumstances of complete and clear absence of all jurisdiction is absolute immunity inappropriate."[36] Plaintiffs do not allege facts that show the Board or any Board Defendants acted without requisite authority and have failed to show that this is one of the "unusual circumstances" where absolute immunity for a judicial function should not apply.[37]

Plaintiffs next argue that Defendants are not entitled to qualified immunity.[38] They allege that Defendants "affirmatively created danger" by releasing Offenders without safeguards, ignoring parole violations, and conspiring "to suppress evidence of known dangers."[39] But Plaintiffs do not point to any new facts in the proposed Second Amended Complaint that can change the court's previous Order, which dismissed identical claims.[40] Plaintiffs' updated complaint contains no new allegations or legal theories and would again be subject to dismissal.

---

[35] SAC Redline ¶ 323.
[36] *Snell v. Tunnell*, 920 F.2d 673, 694 (10th Cir. 1990) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).
[37] Plaintiffs also argue that "immunity does not apply when an official acts ultra vires," relying on *Stein v. Disciplinary Bd. of Supreme Ct. of NM*, 520 F.3d 1183, 1195 (10th Cir. 2008); *see* Opp. 3. There, the Tenth Circuit held that the state supreme court had acted in its judicial capacity and was thus protected by absolute immunity. Plaintiffs have not plausibly alleged any conduct by the Board that goes beyond its quasi-judicial decision-making capacity, so they should not be granted leave to amend.
[38] Reply 3.
[39] *Id.*
[40] Order 12.

Plaintiffs cite the Tenth Circuit's decision in *Pierce v. Gilchrist* throughout their proposed Second Amended Complaint for the proposition that "the fabrication of false documentation to cover up violations of state statutes is obviously unlawful."[41] In *Pierce*, the court stated that "[n]o one could doubt that the prohibition on falsification or omission of evidence, knowingly or with reckless disregard for the truth, was firmly established. . . in the context of information supplied to support a warrant for arrest."[42] Plaintiffs' claims are based on official conduct in an entirely different context—conclusory allegations of falsification and destruction of records relating to the state's release and supervision of state parolees. Therefore, *Pierce* does not establish that Defendants engaged in obviously unlawful conduct or alter the court's previous analysis.

Plaintiffs' reference to *A.M. v. Holmes* is similarly unhelpful.[43] Plaintiffs cite this Tenth Circuit decision to support their proposition that "[s]tate statutes can put Defendants on notice of constitutional obligations, such that the Court can find the law was clearly established."[44] However, in *A.M.* the court examined whether an officer could have reasonably believed that they had probable cause under a state criminal statute.[45] The Tenth Circuit did not hold that state statutes can establish the constitutional standard; indeed, it has held just the opposite.[46] Violations of state law cannot form the basis for § 1983 claims.[47] Accordingly, Plaintiffs have

---

[41] SAC Redline ¶ 135; *see also* ¶ 328, ¶ 408.
[42] *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).
[43] *A.M. v. Holmes*, 830 F.3d 1123 (10th Cir. 2016).
[44] SAC Redline ¶ 403.
[45] *Id.* at 1140.
[46] *D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (quoting *Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988)) ("§ 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'").
[47] *Smith v. Skalinder*, No. 24-3194-JWL, 2025 WL 252931, at *1 (D. Kan. 2025) ("State statutes do not provide a basis for liability under § 1983, which only protects rights secured by the Constitution and laws of the United

8

not shown that any alleged violation of state law can overcome Defendants' qualified immunity, and their proposed amended complaint is futile.

Finally, Plaintiffs briefly argue that it is improper to deny leave to amend because they have alleged plausible constitutional violations.[48] In support, they cite the Tenth Circuit's decision in *Anderson v. Suiters*, where the court upheld the district court's denial of a motion to amend because the plaintiffs' proposed amendments were futile.[49] The same result is warranted here. Plaintiffs have added allegations to their proposed Second Amended Complaint, but these allegations only repeat the facts from their previously dismissed complaint and otherwise fail to cure its deficiencies. The proposed Second Amended Complaint does not contain a new legal theory or a new basis for Plaintiffs' claims. Accordingly, their proposed amendment is futile and denial of their motion for leave to amend is appropriate.

Plaintiffs have filed or proposed three complaints during the pendency of this case. It is clear that they cannot state a § 1983 claim. Therefore, those claims are dismissed with prejudice. The court previously noted that it would not exercise supplemental jurisdiction over the state law claims. Accordingly, the state law claims are remanded to state court.

## ORDER

Plaintiffs' motion for leave to amend is DENIED.[50] The First and Fifth Causes of Action are DENIED WITH PREJUDICE. The case is remanded to the Utah District Court, Third District, Salt Lake County.

---

States."); *Adams Wrecker Serv. v. City of Blanchard, Okla.*, No. CIV-13-126-D, 2013 WL 5726022, at *4 (W.D. Okla. 2013) ("state law does not establish federal constitutional standards").
[48] Reply 4.
[49] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).
[50] ECF 84.

Signed April 22, 2025.

BY THE COURT

_____
David Barlow
United States District Judge